**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **(1) Rachel Zarones,**<br>***Plaintiff*,**<br>**v.**<br>**(1) Shoe Show, Inc.,**<br>***Defendant*.** | **Civil Action No.: 26-CV-514-JFJ** |

---

**NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Shoe Show, Inc. ("Shoe Show") removes this civil action from the District Court of Tulsa County, Oklahoma, where it is currently pending as Civil Action No. CJ-2026-03495, to the United States District Court for the Northern District of Oklahoma. In support of the removal, Shoe Show states as follows:

**INTRODUCTION**

1. Plaintiff Rachel Zarones filed this civil action on July 31, 2026. Pursuant to 28 U.S.C. § 1446(a) and LCvR81-2, "a copy of all documents filed or served in the case, along with a copy of the docket sheet of the case," are attached as **Exhibit 1 - 4.**

2. Plaintiff alleges Shoe Show violated the Oklahoma Consumer Protection Act and committed fraud. Compl. at Counts 1 – 4. The Complaint explicitly seeks,

among other things, "more than $75,000" in compensatory damages, statutory damages, and punitive damages. *Id.* at ¶ 39.

3. The Complaint could have been filed originally in this Court under 28 U.S.C. § 1332(a) because, as explained in more detail below, it is an action between citizens of different states and the amount in controversy exceeds the jurisdictional minimum.

4. Therefore, this action is removable under 28 U.S.C. § 1441 based upon diversity jurisdiction.

**I. The Court has Diversity Jurisdiction over this Civil Action.**

5. This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because Plaintiff and Shoe Show are completely diverse and the amount in controversy exceeds $75,000.

**A. Plaintiff and Shoe Show are completely diverse.**

6. Complete diversity of citizenship exists between the parties to this civil action.

7. Plaintiff Rachel Zarones is an adult resident citizen of Tulsa, Oklahoma. *See* Compl. at 1 ¶ 5.

8. "For diversity purposes, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Sain v. EOG Res., Inc.*, 204 F. App'x 739, 743 (10th Cir. 2006); 28 U.S.C. § 1332(c)(1)).

9. Shoe Show is a corporation formed under the laws of North Carolina and with its principal place of business in that state. **Exhibit 5**, N.C. Sec'y of State, Bus. Corp. Ann. Report of Shoe Show, Inc. (filed Apr. 3, 2026).

10. Accordingly, Shoe Show is a citizen of North Carolina for diversity purposes, both when Plaintiff filed her state court complaint and at the time of removal.

11. Plaintiff and Shoe Show are thus completely diverse.

**B. The Amount in Controversy exceeds $75,000 exclusive of interest and costs.**

12. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

13. "The amount in controversy can be established by a plaintiff's allegation that the amount in controversy exceeds $75,000." *Phillips v. State Farm Fire & Cas. Co.*, 2023 WL 2162594, at *1 (N.D. Okla. Feb. 22, 2023).

14. The allegations set forth in the Complaint establish that the amount in controversy in this case exceeds $75,000 exclusive of interest and costs.

15. Plaintiff explicitly seeks damages, including punitive damages, for "more than $75,000." Compl. at ¶ 39.

16. "Punitive damages may be considered in determining the requisite jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003). A plaintiff who prevails on a claim for punitive damages

may recover "an amount not to exceed the greater of $100,000 or the amount of the actual damages awarded." Okla. Stat. tit. 23, § 9.1(b).

17. Accordingly, the amount in controversy requirement has been met to establish subject matter jurisdiction based on diversity.

**II. The Other Prerequisites for Removal Are Satisfied.**

18. This Notice of Removal is timely filed within 30 days following August 3, 2026, the date upon which Shoe Show received Plaintiff's Complaint. *See* **Exhibit 6**, Notice of Service of Process.

19. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing, with a copy of this Notice of Removal, will be served on Plaintiff's counsel and is being simultaneously filed with the Clerk of the District Court of Tulsa County, Oklahoma.

20. The District Court of Tulsa County is situated within this district, making a removal to this Court proper under 28 U.S.C. §§ 1441(a) and 1446(a).

*****

Shoe Show respectfully requests that the above-captioned action now pending in the District Court of Tulsa County, Oklahoma, be removed to the United States District Court for the Northern District of Oklahoma, and that the district court assume jurisdiction of this action and enter such other and further orders as may be necessary to effectuate the removal.

RESPECTFULLY SUBMITTED, this 21st day of August, 2026.

**SHOE SHOW, INC.**

By: /s/Leigh A. Birdsong
Leigh Birdsong, OBA No. 31512
Matthew B. Free, OBA No. 18055
Best & Sharp Inc.
15 E. 5th St., Ste. 2100
Tulsa, OK 74103
Tel: (918) 582-1234
Email: lbirdsong@bestsharp.com

*Counsel for Defendant Shoe Show, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, on behalf of Defendant Shoe Show, Inc., do hereby certify that I have mailed a true and correct copy of the above and forgoing by U.S. Mail, postage prepaid, to:

James M. Zarones
Managing Attorney
OpenOK Law, PLLC
3408 W. 42nd Pl. #9522
Tulsa, Oklahoma 74157

This, the 21st day of August, 2026.

/s/ Leigh A. Birdsong